**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 4:18CR00156 CDP-NAB |
| ) | |
| FERNANDO REYES, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Before the Court is Defendant Fernando Reyes' Motion to Transfer Venue pursuant to Federal Rule of Criminal Procedure 21(b). [Doc. #31]. Reyes seeks an order transferring this case from the United States District Court for the Eastern District of Missouri to the United States District Court for the Middle District of Florida. The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion [Doc. #60]. After a hearing on the motion, and a review of the briefs and relevant case law, the undersigned finds Defendant has not carried his burden of showing that the matter should be transferred, and therefore recommends denial of Reyes' Motion for Transfer of Venue.

**I.   Background**

Reyes is charged in a five count indictment, with one count of Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §1349, and four counts of Mail Fraud in violation 18 U.S.C. §1341. The indictment alleges, generally, that Reyes was part of a scheme relating to the use of the United States Postal Service to obtain money from individuals who had been deceived into

1

believing they had won various fictitious sweepstakes. At some point, an unknown individual directed R.G. to mail large sums of money to Reyes located in Florida. R.G. lives in the Eastern District of Missouri and is more than 80 years old. The government alleges that Reyes deposited the money into his own personal financial accounts, transmitted some of it to individuals in Costa Rica, and used the remaining money for his personal use.

Reyes contends that it would be inconvenient for him and his witnesses to travel to and from the Eastern District of Missouri for trial proceedings. He further contends that most of the conduct alleged in the indictment took place in Florida. The Government counters that the alleged victim, R.G., was deceived through mailings and wire communications directed to the Eastern District of Missouri. R.G's financial account through which he sent funds to Reyes is located in the Eastern District of Missouri.

## II.     Legal Framework—Motion to Transfer

Rule 21 of the Federal Rules of Criminal Procedure addresses transferring criminal matters between districts for purposes of trial. Rule 21(b), which is at issue here, concerns transfers for convenience (as opposed to transfers due to, for example, prejudice). Rule 21(b) reads as follows:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts against the defendant, to another district for the convenience of the parties, any victim and witnesses, and in the interests of justice.

The decision whether to grant or deny a Rule 21(b) motion rests with the sound discretion of the district court. *See United States v. Green*, 983 F.2d 100, 102 (8th Cir. 1992); *see also United States v. Lopez*, 343 F.Supp.2d 824, 835 (E.D. Mo. 2004) (citing *Green*). It is a defendant's burden of showing that the matter should be transferred. See *United States v. Kanner*, No. 07-CR-1023-LRR, 2008 WL 2663414, at *5 (N.D. Iowa June 27, 2008) (citing cases). In considering Rule 21(b) motions, many courts, including the Eighth Circuit, apply the

2

ten factors found in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964) ("*Platt* factors"); see *United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974); *Lopez*, 343 F.Supp.2d at 835.

The ten *Platt* factors are: (1) the location of the defendant; (2) the location of the witnesses; (3) the location of the events in issue; (4) the location of the documents and records likely to be used at trial; (5) any disruption of a defendant's business; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) the docket condition of the respective districts; and (10) any other special elements that might affect transfer. *See Lopez*, 343 F.Supp.2d at 835 (enumerating *Platt* factors); *see also*, *Kanner*, 2008 WL 2663414, at * 6-8. The Court must balance these factors and assess which are of greatest importance in this case; no single factor is dispositive. *Id*. At *5. (citing *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990)); see also *United States v. Valenciano*, No. CR06-4082MWB, 2006 WL 4046179, at *4 (N.D. Iowa 2006) (same).

### III.    Discussion

Using the *Platt* factors, Reyes argues that this case should be transferred to the Middle District of Florida because he resides in Florida; aside from the alleged victim(s) and case agent, most of the necessary witness for Reyes reside in Florida; the alleged conspiracy took place in Florida; documents relative to the case are located at financial institutions in Florida; Reyes' work as the principal salesman at his business would be disrupted if the trial were to be held in Missouri; Reyes would incur expenses "into the thousands" if the case is not transferred; and Defense counsel and his staff reside in Florida. Additionally, Reyes asserts that docket conditions at the United States District Court for the Middle District of Florida allow for such

3

transfer, and the courthouse would be easily accessible by all parties throughout the duration of the trial.

The United States argues that although the convenience of the defendant is a consideration, the overwhelming consideration in this case is the convenience of the victim, R.G. an elderly person, the Government's witnesses, and the prompt administration of justice. The Government also contends its evidence is secured within the Eastern District of Missouri and it would further delay proceedings if the case were required to be transferred.

The initial choice of venue in a criminal case is naturally a prerogative of the prosecution. The importance of assuring good order in the management of judicial business and efficient handling of a prosecuting attorney's case load requires that a defendant demonstrate a substantial balance of inconvenience to himself if he is to succeed in nullifying this prerogative. *United States v. United States Steel Corp.*, 233 F.Supp 154 (S.D.N.Y. 1964); *United States v. Cohen*, 35 F.R.D. 227 (N.D.Cal. 1964); *United States v. White*, 95 F.Supp. 544 (D.Neb. 1951*). United States v. Luros*, 243 F. Supp. 160, 174 (N.D. Iowa 1965).

Applying the *Platt* factors, as more fully discussed below, the undersigned concludes that Reyes has not met his burden. Although Reyes has made some claims of hardship and inconvenience, he has not offered enough information to conclude that the Middle District of Florida is a better and more convenient forum for resolving this matter. There is no sufficient reason to disregard the Government's choice of forum and transfer this case to the Middle District of Florida.

1. <u>Location of Defendant</u>—There is no dispute that Reyes resides in the Middle District of Florida. This factor weighs in his favor, but no more so than in any other case involving allegations of multi-district criminal acts.

2. <u>Location of Witnesses</u>—Reyes claims that all of his witnesses are located in the Middle District of Florida. However, the Government's witnesses, including one of the alleged victims, and law enforcement agents are located in the Eastern District of Missouri, and another victim does not live in Florida. This factor weighs against transfer.

3. <u>Location of Events at Issue</u>—Reyes contends all of the alleged criminal conduct took place in Florida. The allegations in the indictment stem from multiple mail and wire communications between the alleged victims and Reyes and much of the communication took place in the Eastern District of Missouri and other locations. Thus, this factor does not weigh in favor of transfer.

4. <u>Locations of Documents and Records</u>—Reyes states that relevant documents, with regard to financial transactions and interrogation notes, are located in Florida. The United States asserts that the Government's evidence is secured in the Eastern District of Missouri, including documents from the R.G.'s financial institution, located in Missouri. Additionally, documents will be provided to Reyes in discovery. Accordingly, this factor weighs against transfer.

5. <u>Disruption of Defendant's Business</u>—Reyes states that he is the owner of a small business located in the state of Florida. He claims to be the "principal salesman" and contact person and that his absence will "potentially affect the business greatly." Reyes has not demonstrated how continuing with the case in the Eastern District of Missouri will impair his ability to conduct business. However, this factor could weigh in favor of transfer.

6. <u>Expense to the Parties</u>—Reyes contends that the expenses to be incurred if he is to stand trial in Missouri will be "considerable and run into the thousands." However, he has not demonstrated an inability to bear an additional expense. All trials away from a defendant's

resident state necessitate additional expenses of various amounts the costs of which a defendant must bear. The magnitude of these expenses is not *per se* determinative in considering a motion to transfer. For an impoverished defendant indicted in an adjacent district, he would have no recourse where the cost of trial would be insupportable. The obvious injustice of this result demonstrates that it is not the size of the additional expense, but the defendant's ability to bear that expense, that is the relevant consideration in questions of transfer." *United States v. Luros*, 243 F.Supp.at 175 (citing *United States v. White*, 95 F.Supp. 544 (D. Neb. 1951)). Here, Reyes is represented by private counsel and has not shown an inability to bear the expense. Thus, this factor weighs against transfer.

7. <u>Location of Counsel</u>—Reyes has retained counsel in Orlando, Florida. Although he argues that travel and boarding for counsel will be expensive, Defendant does not argue that his counsel is unable to represent him in the Eastern District of Missouri. He also contends that transfer is appropriate where the prosecutor may travel to Florida and utilize the resources of the United States Attorney's Office in Orlando, Florida. However, neither of these arguments weighs in favor of transfer.

8. <u>Relative Accessibility of the Place of Trial</u>—Reyes contends that the courthouse in Orlando is "conveniently located" downtown near affordable hotels and within walking distance. However, Reyes does not list any specific reasons why the Eastern District of Missouri would be inaccessible in comparison. Both Orlando and St. Louis have major airports with daily flights, and affordable boarding within walking distance from the courthouse. Therefore, this factor does not weigh in favor of transfer.

9. <u>Docket Conditions</u>—Reyes states there are numerous judges available to take over this matter in the Middle District of Florida and that the docket will not be congested if the

case is transferred. However, this factor is of little importance in considering a motion to transfer. The number of judges in a given courthouse does not increase the likelihood for a more convenient setting for any party.

10. <u>Special Considerations</u>—The United States raises one issue for consideration. The alleged victim in the case, R.G. is an elderly person over the age of 80 residing in the Eastern District of Missouri. Because of the inconvenience to the victim, this fact does not weigh in favor of transfer.

Having considered each of the *Platt* factors, the undersigned recommends that the Motion for Change of Venue be denied.

## IV. Conclusion

For the above stated reasons, Reyes has not met his burden of showing that this matter should be transferred for trial to the Middle District of Florida. Most of the relevant *Platt* factors weigh against such a transfer.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Transfer Venue pursuant to Federal Rule of Criminal Procedure 21(b). [Doc. #31] should be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

Dated this 15th day of October, 2018.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Case: 4:18-cr-00156-CDP   Doc. #: 91   Filed: 10/15/18   Page: 8 of 8 PageID #: 315