UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18 CR 156 CDP |
| FERNANDO REYES, | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on defendant Fernando Reyes' motion for change of venue. All pretrial matters in this case were referred, under 28 U.S.C. § 636(b), to United States Magistrate Judge Nannette A. Baker. After a hearing and briefing, Judge Baker issued a Report and Recommendation on the Motion to Change Venue, which recommended that the motion should be denied. Numerous other pretrial motions remain pending before Judge Baker.

Defendant timely objected to the recommendation, and the parties have filed additional briefs. I have conducted *de novo* review of all issues related to this motion, including reviewing the briefs, listening to the recording of the hearing, and considering the law. I conclude that Judge Baker's decision is the correct one, and I would have reached the same decision had I considered the motion in the first instance. I will therefore adopt her Report and Recommendation and

deny the motion to transfer this case to the Middle District of Florida, Orlando Division.

Defendant admits that venue is proper in this district, and that transfer for convenience is a decision committed to the discretion of the Court. Rule 21(b), Fed. R. Crim. P., authorizes the court to transfer a case for trial, upon defendant's request, for "the convenience of the parties, any victim, and the witnesses, and in the interests of justice." Here defendant argues that he is located in Florida and that his witnesses and documents, and his lawyer, are located there. He argues that being away from his business for the length of time necessary for this trial would disrupt his business and be expensive for him. The government counters that the victim, who is of advanced age, is located here, the investigation has been conducted from here, and Missouri is the location of the bulk of the government's documents. The government also points out that defendant has sought and obtained relief from his bond's restrictions on travel to allow him to travel for recreation and vacation purposes for more time than the trial is expected to take, and apparently that did not cause any undue hardship for his business. To the extent defendant has argued that there are witnesses in Florida who he will call to testify, I share the government's skepticism that those witnesses actually have

admissible evidence to offer, although, of course, I do not know exactly what the defendant expects to present at trial.

I conclude that Judge Baker correctly analyzed the case under the prevailing standards, including the guidance offered by *Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240 (1964). Judge Baker correctly concluded that transfer is not necessary for the convenience of the parties and witnesses, and is not in the interests of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [91] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to transfer venue [31] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2018.